**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JULIAN JERMAINE LEWIS** | ) | |
| **ID # 34663-077,** | ) | |
|              Movant, | ) | |
| vs. | ) | **No. 3:16-CV-2308-M-BH** |
| | ) | **No. 3:13-CR-0466-M** |
| **UNITED STATES OF AMERICA,** | ) | |
|              Respondent. | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions and recommendation. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow an order of the court.

**I. BACKGROUND**

The movant, an inmate currently incarcerated in the United States Bureau of Prisons, filed a letter in his underlying criminal action alleging that he is entitled to relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015). (*See* doc. 2.) By order dated August 9, 2016, the movant was advised that his *Johnson* claim was a challenge to his conviction that was properly raised through a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence. (*See* doc. 3.) In accordance with *Castro v. United States*, 540 U.S. 375, 383 (2003), the order specifically advised him that his letter was being characterized as a § 2255 motion, and that any future §2255 motion that he filed would be subject to the restrictions imposed on second or successive motions. *Id.* The order advised him that within 30 days, he could either file an amended § 2255 motion that raised all of his challenges to his conviction and/or sentence, or a notice that he intended to dismiss his motion. *Id.* It advised that if he sought to dismiss his motion, the dismissal would be without prejudice to the filing of any future § 2255 motion, but that any future § 2255 motion could be barred by the one-year statute of

limitations. *Id.* He was also specifically warned that failure to file an amended § 2255 motion or a notice of dismissal within 30 days could result in dismissal of his case. *Id.* A copy of the appropriate form for a § 2255 motion was attached to the order. More than 30 days from the date of the Court's order have passed, but the movant has not submitted a properly completed § 2255 motion or a notice of dismissal, or filed anything else in this case.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The movant was given 30 days to file an amended § 2255 motion or a notice of dismissal, and he was specifically warned that failure to do so could result in dismissal of this action. More than 30 days from the date of the order have passed, but he still has not complied with or otherwise responded to it.

## III. RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow an order of the court, unless the movant submits an amended § 2255 motion within the time for objecting to this recommendation, or by some other deadline set by the Court.

**SIGNED this 11th day of October, 2016.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

2

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE